

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Christopher M. Mason**
*Partner*
T 212-940-3017
cmason@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY 10036-4120
212-940-3000

February 6, 2020

**BY ECF AND MAIL**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Venus v. Ecoco, Inc.,* No. 19-cv-05400-KAM-JO

Dear Judge Matsumoto:

We represent Defendant Ecoco, Inc. ("Ecoco"). We write pursuant to Rule IV.B.1 of Your Honor's Chambers Practices for a pre-motion conference or permission to move. We propose to make a motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiff lives in New York and purchased one jar of an Ecoco hair gel product here. Complaint ¶ 17. She does not allege she has ever purchased or used any of the other seven Ecoco products named in the Complaint, much less the unspecified number of other items she includes with those seven as the "Products" about which she is suing. Complaint ¶ 1.

According to Plaintiff, the $1.99 price she paid for the one particular Product she bought was a "premium" price. Complaint ¶ 17; *see also* Complaint ¶ 33. She alleges no facts (such as the price of competing products) that would make this plausible or anything more than speculation. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Whatever its price, however, she claims that the item she bought, used the way she used it, left flakes in her hair despite the phrase "No Flake, No Tack, Anti-Itch" in small type at the bottom of the front of the jar (words she says she read and that were the cause of her purchase). Complaint ¶¶ 17, 20.

Plaintiff does not allege that what she read was the cause of the purchases at issue other than her own. At most, she alleges in her last cause of action, for common law fraud, that others relied on those same words at the bottom of the front of the jar of some of the Products. *See* Complaint ¶¶ 74-75 & Ex 1 at 1-6, 8-9; *cf.* Complaint Ex. 1 at 7 (not on front of jar). She argues that "No Flake" was misleading because she experienced flaking, because a principal ingredient of the Products could flake, and because others "would expect the ingredients to be such as to minimize, not maximize, flaking . . . ." Complaint ¶¶ 20, 22-23, 25, 27. To support

Honorable Kiyo A. Matsumoto
February 6, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

her theory, Plaintiff cites her own one-time experience and seven on-line reviews of three Products (including the one she purchased), five of them negative and two of them positive. Complaint ¶¶ 20-21. She does not allege where those purchases occurred.

Ecoco's motion to dismiss Plaintiff's three class action claims based on these allegations would include multiple grounds. First, Plaintiff lacks standing to assert claims under the New York General Business Law (the "GBL") for consumers in other states. Second, Plaintiff lacks standing to assert claims under consumer protection laws of states where she does not live. Third, Plaintiff lacks standing to seek an injunction with respect to Products she does not claim she will purchase in the future. Fourth, as to consumers in New York, Plaintiff has not alleged facts sufficient to support a claim under the GBL. Finally, Plaintiff cannot prosecute a claim of common law fraud on behalf of any class under any state's law.

Dismissal is proper "for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate" a claim or case. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The Court lacks the power in this case to apply GBL Sections 349 and 350 to purchasers outside New York. *See, e.g., Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325, 774 N.E.2d 1190, 1196, 746 N.Y.S.2d 858, 864 (2002); *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F.Supp.3d 525, 547 (S.D.N.Y. 2014).

The Court also lacks the power in this case to apply the consumer protection laws of other states, *see* Complaint ¶ 12, to purchasers anywhere because Plaintiff herself does not live, and made no purchases, outside New York. As the court held in *In re HSBC Bank, USA, N.A.*, a plaintiff in a putative class action "may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to that state." 1 F.Supp.3d 34, 49 (E.D.N.Y. 2014) (citations omitted); *accord, e.g., In re Fyre Festival Litig.*, 399 F.Supp.3d 203, 223 (S.D.N.Y. 2019). *See also, e.g., Derbaremdiker v. Applebee's Int'l, Inc.*, No 12-cv-01058-KAM, 2012 WL 4482057, at *9 n.9 (E.D.N.Y. Sept. 26, 2012).

The Court further lacks the power in this case to enjoin future sales by Ecoco because Plaintiff does not allege that she would ever buy one of its Products again or that she is otherwise at risk of future injury from Ecoco. *See, e.g., Nicosia v. Amazon*, 834 F.3d 220, 239 (2d Cir. 2016); *Kommer v. Bayer Consumer Health,* 710 F. App'x 43, 44 (2d Cir. 2018). Because Plaintiff lacks standing to seek injunctive relief for herself, she lacks standing to do so for any class as well. *See e.g., Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976).

Thus, the Court should dismiss for lack of standing all of Plaintiff's claims for purchases outside New York and for an injunction. As to the remainder of Plaintiff's claims—under the GBL as to New York purchasers of Products and under the New York common law of fraud— Plaintiff has not alleged facts sufficient to permit those claims to go forward as pleaded.

While GBL "Section 349 'does not require proof of justifiable reliance, a plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or

Honorable Kiyo A. Matsumoto
February 6, 2020
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

practice that caused . . . harm'" separate from the deception itself. *Derbaremdiker*, 2012 WL 4482057, at *7 (citation omitted). What Plaintiff does instead is "set[] forth deception as both act and injury", which will not support a claim. *Id.* (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 898, 698 N.Y.S.2d 615, 621 (1999) (dismissing Section 349 claims where plaintiffs sought reimbursement for cigarettes that they alleged they would not have bought but for the defendants' deceptive practices), and *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 840 N.Y.S.2d 445, 448 (3d Dep't 2007) (dismissing Section 349 claims for the purchase price of a drug where plaintiff allegedly "would not have purchased the drug absent defendant's deceptive practices."); *accord, e.g., Dimond v. Darden Restaurants, Inc.*, No. 13-cv-5244-KPF, 2014 WL 3377105, at *9 (S.D.N.Y. July 9, 2014); *cf. Kachocha v. Nestle Purina Petcare Co.*, No. 15-cv-5489-KMK, 2016 WL 4367991, at*1, 2 (S.D.N.Y. Aug. 11, 2016) (cited in Complaint ¶ 33) (permitting Section 349 claim for "premium" pricing of dog food; complaint included allegations, such as the seller's leading market share, that could support finding a premium). *See* Complaint ¶¶ 17 (claiming injury "up to the purchase price"), 63 (seeking "monies spent to purchase the Products" because of Ecoco's "deceptive acts and practices"), 72 (seeking "restitution and disgorgement"). *See also* Complaint ¶ 75.

Finally, as to common law fraud, Plaintiff has no practical ability to prosecute that claim for others. Reliance is an element of common law fraud and it is well-settled that "individual questions of reliance" will "predominate over common questions" and preclude certification of any class for such a claim. *Miles v. Merrill Lynch & Co. (In re Initial Public Offering Sec. Litig.)*, 471 F.3d 24, 43 (2d Cir. 2006). Plaintiff has pleaded no facts that could change this. Thus, her claims on behalf of others for common law fraud should be stricken now.

As this indicates, the Court should dismiss or strike under Rules 12(b)(1) and 12(b)(6) all of Plaintiff's claims except (perhaps, but only perhaps, because Ecoco is reviewing whether that claim would satisfy Federal Rule of Civil Procedure 9(b)) her individual claim for fraud. We propose a briefing schedule for this process under which our client's opening brief would be due on March 13, 2020, Plaintiff's opposition would be due on April 10, 2020, and any reply on behalf of our client would be due May 1, 2020. We have consulted with Plaintiff's counsel, who (while disagreeing with our conclusions) does not object to us making a motion and finds this potential schedule acceptable.

Respectfully,

Christopher M. Mason

cc: C.K. Lee, Esq.
    Jeffrey A. Meyer, Esq.