# LEE LITIGATION GROUP, PLLC
### 148 WEST 24TH STREET, EIGHTH FLOOR
### NEW YORK, NY 10011
### TEL: 212-465-1180
### FAX: 212-465-1181
### INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

February 11, 2020

**VIA ECF**
The Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Venus v. Ecoco, Inc.,*
            19-cv-05400-KAM-JO

Dear Judge Matsumoto:

    We are counsel to Plaintiff in the above referenced action. Pursuant to Your Honor's individual rules, we write in response to Defendant's request for a pre-motion conference regarding its proposed motion to dismiss Plaintiff's Class Action Complaint ("Complaint" or "Compl."). For the reasons stated below, this conference request should be denied.

    Plaintiff is willing to amend the Complaint to remove her claim for injunctive relief and clarify that she is not purporting to apply New York law to the claims of non-New York class members. Aside from these two objections, Defendant's arguments are utterly meritless. Defendant asserts that "Plaintiff lacks standing to assert claims under consumer protection laws of states where she does not live." While this may be true as to her *individual* claims, it is patently false as to claims asserted on behalf of other class members. Defendant's citations to antiquated case law cannot upend the Second Circuit's clear statement that "as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3)… not a question of 'adjudicatory competence' under Article III…" *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92-93 (2d Cir. 2018). Any argument to the contrary would accordingly be a frivolous waste of both the Court's and the parties' time and resources. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a … written motion, … an attorney … certifies that … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

    Defendant's argument that Plaintiff fails to plead injury is also frivolous, betraying a fundamental misunderstanding of *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (1999). *Small* simply held that deception <u>alone</u> does not constitute an injury. There, plaintiffs alleged that "defendants used deceptive commercial practices to sell their cigarettes to New Yorkers and that they would not have bought these cigarettes had they known that nicotine is an addictive drug." *Id.* at 51. However, the only injury alleged was "that defendants' deception prevented them from making free and informed choices as consumers." *Id*. at 56. This is manifestly not Plaintiff's

argument in the instant action.  Her injury was <u>not</u> that Defendant prevented her from making the free and informed choice of whether to purchase Defendant's product, but that the actual value of her purchase was <u>less</u> than the value warranted by Defendant's representations.  The Complaint makes clear that the injury was to her pocketbook, not to her free will:

> Although Defendant's front-label representation unambiguously promised that the Product does not flake, Plaintiff discovered that the Product does just that, even when used in accordance with Defendant's instructions for use. Plaintiff VENUS was therefore denied the benefit of her bargain and economically injured in an amount up to the purchase price, to be determined by expert analysis at trial. She did not receive a product with the qualities she thought she paid for, a hair gel that will not produce flakes.

Compl. ¶ 11

Defendant argues that Plaintiff fails to substantiate the above through price comparisons with competing products.  But "[c]ourts routinely allow complaints that lack allegations of both cheaper and exactly comparable products to survive motions to dismiss." *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 198 n.19 (E.D.N.Y. 2018).  *See also Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 481–82 (S.D.N.Y. 2014) (explaining that courts "have found valid [section] 349 claims despite plaintiffs not identifying competitors or prices"). Identifying cheaper competitor products might be necessary if there was no other factual basis for alleging a price premium.  But the Complaint provides this allegation with the "further factual enhancement" it requires.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Complaint ¶ 25 quotes New Creations Salon as stating "If there is one fear of using hair gels that many naturals have it's the dreaded "f" word - flaking. This is the number one concern…" This makes it more than "plausible on its face" that Defendant's "No Flake" representations affect the perceived value of the its products in the eyes of consumers.  *Id*. at 570.  So, too, do the decades spent developing and testing superior, genuinely flake-free alternatives to the flake-inducing polymers found in Defendant's products, as documented in Complaint ¶ 23.  These efforts would not have been expended if flaking was irrelevant to the price consumers are willing to pay for hair gel.

Thus, the Complaint's injury allegations are more than strong enough to survive a motion to dismiss, since they are better pled than the kinds of injury allegations that have routinely survived these.  *See Green v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 68 (E.D.N.Y. 2017) (observing that the plaintiff's "allegations [we]re sufficient to state an injury under GBL sections 349 and 350 because they claim[ed] that [] plaintiff paid a premium for a product based on defendant's inaccurate representations") (internal quotation marks omitted); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288–89 (S.D.N.Y. 2014) (finding a sufficiently-pled section 349 injury where the plaintiff alleged that he would not have paid the price charged for "fat-free" milk had he known it contained fat). Accordingly, Defendant's injury argument would also be a waste of the Court's and the parties time and resources.

Finally, Defendant argues that Plaintiff cannot prosecute her common law fraud claims on a class-basis, citing *Miles v. Merrill Lynch & Co*. for the proposition that "it is well-settled that 'individual questions of reliance' will 'predominate over common questions' and preclude certification of any class for such a claim." 471 F.3d 24, 43 (2d Cir. 2006). However, this is a

patently disingenuous reading of *Miles*. This was a *securities* case where plaintiff proved unable to put forth the evidence of an efficient market required to invoke the "fraud-on-the-market doctrine," which "creates a rebuttable presumption that (1) misrepresentations by an issuer affect the price of securities traded in the open market, and (2) investors rely on the market price of securities as an accurate measure of their intrinsic value." *Id*. at 42 (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 77 (2d Cir. 2004). So, plaintiff was unable to allege class-wide reliance in *that particular case*. There was no categorical bar to demonstrating such reliance, however, and the outcome in *Miles* has absolutely no bearing on the instant action, or any consumer fraud action for that matter.

The truth is that "[t]here is no blanket rule in the Second Circuit that 'a fraud class action cannot be certified when individual reliance will be an issue.'" *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 139 (S.D.N.Y. 2014) (quoting *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 224 (2d Cir. 2008)). Certification can be appropriate when "plaintiffs can prove reliance 'through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue).'" *Id*. (quoting *Catholic Health Care W. v. US Foodserv. (In re US FoodServ. Pricing Litig.)*, 729 F.3d 108, 120 (2d Cir. 2013)). *See also Seekamp v. It's Huge, Inc.*, No. 1:09-CV-00018, 2012 U.S. Dist. LEXIS 33295, at *34 (N.D.N.Y. Mar. 13, 2012) (though "each proposed class member may have opted to purchase the ATSD for different reasons, it is equally clear that every plaintiff would have relied on the implicit representation of the ATSD's legality and beneficialness in deciding whether to purchase it.").

For all the foregoing reasons, Plaintiff does not believe Defendant could possibly prevail on its anticipated motion. We thank Your Honor for considering our argument.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: All parties via ECF