# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

March 26, 2020

**VIA ECF**
The Honorable Rachel P. Kovner, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Venus v. Ecoco, Inc.,*
                  19-cv-05400

Dear Judge Kovner:

      We are counsel to Plaintiff in the above referenced action. Pursuant to Your Honor's order at the premotion conference of March 19, 2020, we write to inform the Court that Plaintiff will not seek to apply New York consumer protection laws to the claims of non-New York class members. This position will be reflected in the Amended Complaint (unless Plaintiff and Defendant succeed in resolving the case before then).

      However, Plaintiff reiterates her position that she may properly invoke non-New York laws on behalf of non-New York class members, given that "as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3)… not a question of 'adjudicatory competence' under Article III…" *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92-93 (2d Cir. 2018). At the conference, Defendant argued that variations between state consumer fraud laws precluded a nationwide class action. But per *Langan*, this is an argument it should make in opposing Plaintiff's Rule 23 motion for class certification, not on a motion to dismiss.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc:      All parties via ECF