

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Christopher M. Mason**
*Partner*
T 212-940-3017
cmason@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY  10036-4120
212-940-3000

April 24, 2020

**BY ECF**

Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Venus v. Ecoco, Inc.,* No. 19-cv-05400-RPK-JO

Dear Judge Kovner:

We represent Defendant Ecoco, Inc. ("Ecoco").  We write pursuant to the minute order entered by Your Honor on March 19, 2020.

On April 16, 2020, Plaintiff filed a First Amended Class Action Complaint (the "Amended Complaint") abandoning any claim for injunctive relief.  This was appropriate because Plaintiff never had Article III standing to seek such relief.  But the changes made in the Amended Complaint did not cure other pleading deficiencies in Plaintiff's claims.

For example, Plaintiff still asserts a common law fraud claim.  But she alleges no facts that would "give rise to a strong inference of fraudulent intent" as required under Federal Rule of Civil Procedure 9(b) in this Circuit.  *Duran v. Henkel of Am., Inc*., No. 19 Civ. 2794-PAE, 2020 U.S. Dist. LEXIS 55454, at *26 (S.D.N.Y. Mar. 30, 2020) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006), and *Acito v. IMCERA Grp*., 47 F.3d 47, 52 (2d Cir. 1995)).  She has therefore failed adequately to allege an essential element of a fraud claim, and it must be dismissed.  *See, e.g., id.* at *27-32 (dismissing common law fraud claim pleaded by Plaintiff's counsel in another "no flake" case against a different hair care defendant but using fraudulent intent allegations substantially the same as in this case).

As another example, to make a New York General Business Law ("GBL") Section 349 or 350 claim, Plaintiff must show that she suffered an "injury" as a result of a materially misleading act or advertisement by Ecoco.  *E.g., Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25, 647 N.E.2d 741, 744, 623 N.Y.S.2d 529, 532 (1995).  *See also* Amended Complaint ¶ 54.  Plaintiff attempts to satisfy that requirement by alleging that

Honorable Rachel P. Kovner
April 24, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

she paid a premium price for "Ecoco Style Professional Styling Gel with Olive Oil" based on a "no flake" misrepresentation on its label. *See* Amended Complaint ¶¶ 17, 32-33.

This theory of injury requires allegations "that a company marketed a product as having a 'unique quality,' that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality." *Duran*, 2020 U.S. Dist. LEXIS 55454, at *20 (citations omitted). A plaintiff must plead plausible facts to support this theory. *See, e.g., DaCorta v. AM Retail Grp., Inc.*, No. 16-cv-01748-NSR, 2018 U.S. Dist. LEXIS 10733, at *4-5, 17-18 (S.D.N.Y. Jan. 23, 2018) (allegations that products at outlet were of "lesser quality" but sold at "a premium" were insufficient, "conclusory" allegations).

In the usual case, the failure to allege any comparative price to show that allegedly false marketing allowed a company to charge a premium might not always be "fatal." *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). But this is not the usual case. Plaintiff's counsel has made GBL claims in *Duran* that are very similar to those here. *See Duran*, 2020 U.S. Dist. LEXIS 55454, at *5. Specific allegations about comparable prices in *Duran*, however, demonstrate that the generic allegation about a premium here is not plausible. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *See also, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (claims are "implausible" if they make "no economic sense" in "factual context").

The styling gel at issue in *Duran* sold for "$1.33 per ounce", had a label that "advertises 'no flakes'", and contained "poly N-vinyl-2-pyrrolidone ('PVP')." 2020 U.S. LEXIS 55454, at *2, 4, 5. Plaintiff's counsel argued that this price was a premium to prices of other gels that allegedly did not make a "no flake" assertion. *Id.* at *5-6. The prices of those other products were "$0.43 per ounce . . . $0.27 per ounce; and . . . $0.18 per ounce" for 16 ounces. *Id.* at *5-6.

Plaintiff here alleges that she paid $1.99 for 8 ounces of Ecoco Style Professional Styling Gel with Olive Oil, that it says "no flake" on the label, and that it contains PVP. Amended Complaint ¶¶ 17, 20, 22-23. Comparing the 16 ounce prices for competitor's gels in *Duran* to the 16 ounce price of the Ecoco gel, *see, e.g.*, https://www.target.com/p/eco-style-professional-olive-styling-gel-16-fl-oz/-/A-47898734 (last visited April 23, 2020), indicates that Plaintiff had no plausible basis for alleging that that the Ecoco product commands a premium. It is priced at $2.99, or $0.187 per ounce, for 16 ounces. This is the same or *less* than the comparables chosen in *Duran* by Plaintiff's counsel. This leaves Plaintiff's naked allegation that the Ecoco product sells at a premium, Amended Complaint ¶ 17, as nothing more than speculation.

A quote from an unidentified person on a website that "the number one concern" of "naturals"—which Plaintiff does not allege herself to be—is "the dreaded 'f' word—flaking", Amended Complaint ¶ 25, is hardly a "further factual enhancement" that could cure this deficiency under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). And without a plausible allegation of a premium price, all Plaintiff is alleging is that the deception she

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

allegedly experienced is the same as her injury. This does not state a GBL claim. *See, e.g., Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 898, 698 N.Y.S.2d 615, 621 (1999); *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629, 840 N.Y.S.2d 445, 448 (3d Dep't 2007).

As a final example, Plaintiff argues that the problem of multiple state laws is an issue reserved for class certification. *See* Letter from C.K. Lee to the Honorable Rachel P. Kovner, *Venus v. Ecoco, Inc.,* No. 19-cv-05400- RPK-JO (S.D.N.Y. Mar. 26, 2020) [PACER Dkt. 15]. As noted in *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88 (2d Cir. 2018) (reversing certification), there is a huge problem with a class action involving 50 different state statutes. But *Langan* dealt with this as an issue of issue of class certification versus Article III standing. It did not address whether under those state statutes, as a matter of state law, a plaintiff lacked standing or had failed adequately to allege the elements of a claim.

As we have previously noted, dismissal is proper "when the district court lacks the statutory *or* constitutional power to adjudicate" a claim. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (emphasis added). This Court lacks power to apply the GBL to purchasers outside New York. *See, e.g., Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325, 774 N.E.2d 1190, 1196, 746 N.Y.S.2d 858, 864 (2002); *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F.Supp.3d 525, 547 (S.D.N.Y. 2014). The Amended Complaint did not fix this issue. *See, e.g.,* Amended Complaint ¶¶ 40, 41, preceding 51, preceding 62 (still purporting to allege GBL claims for persons who did not purchase in New York). As a result, Plaintiff's GBL claims should be dismissed as to such purchasers. And because the Amended Complaint does not identify what the elements are for a claim under any *other* state's law, a mere listing of statues, Amended Complaint ¶ 12, does not suffice to state a claim. (This is not a harmless oversight, either. For example, under Colorado law, Plaintiff would have to allege facts indicating that a false representation was made "knowingly or recklessly", Col. Rev. Stat. § 6-1-105(e) (2020). As the Rule 9(b) discussion above indicates, she has not adequately done so here.)

Ecoco obviously believes that a motion to dismiss is still appropriate in this case. We would be glad to work out a proposed briefing schedule with Plaintiff's counsel for such a motion. That said, we believe that it could be even more productive to use the current time to pursue a mediation of the parties' dispute. We have, for example, had good experiences with remote mediation through court-annexed programs during the current crisis.

Respectfully,

Christopher M. Mason

cc:     C.K. Lee, Esq.
         Jeffrey A. Meyer, Esq.